United States District Court
Southern District of Texas
**ENTERED**
April 21, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HAI DUC LE, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:25-CV-06257 |
| | § | |
| PAMELA BONDI, *et al.*, | § | |
| | § | |
| Respondents. | § | |

## MEMORANDUM AND ORDER

The petitioner, Hai Duc Le, is a detainee in the custody of United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE") officials. He has a final removal order and a deferral of removal from Vietnam. He filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging his re-detention without changed circumstances. Doc. No. 1. Respondents have filed a motion for summary judgment (Doc. No. 11), and petitioner filed a reply in opposition (Doc. No. 13). Petitioner also filed an emergency motion for an expedited decision (Doc. No. 14), in which Respondents have indicated their agreement (Doc. No. 18). The Court has carefully considered the pleadings, submissions of the parties, and applicable law and **GRANTS** habeas relief for the reasons that follow.

1 / 12

## I.  BACKGROUND

The petitioner, Hai Duc Le, is a citizen of Vietnam who entered the United States around 1980 as a refugee.  He was admitted after inspection and became a legal permanent resident.  After he was admitted to the United States, Le was convicted of several serious criminal offenses, including attempted murder and aggravated assault, and was confined in prison in Pennsylvania.  Doc. No. 11-1 at 3-4.[1]  On January 15, 2019, while he was in state custody, ICE Enforcement and Removal Operations ("ERO") in Philadelphia issued him a Notice to Appear pursuant to Section 237(a)(2)(A)(iii), Section 237(a)(2)(A)(iii), Section 237(a)(2)(A)(iii), and Section 237(a)(2)(C) of the Immigration and Nationality Act.  *Id.* at 4.  On January 22, 2019, he was paroled from state prison and taken into ICE custody.  *Id.*

On August 22, 2019, an Immigration Judge ("IJ") ordered Le deported.  Le appealed the decision to the Board of Immigration Appeals ("BIA"), and the case was remanded to the IJ on September 3, 2020.  *Id.*  On May 20, 2020, while his case was on appeal, he was released on an Order of Recognizance (Form I-220) due to COVID concerns.  *Id.*  On September 21, 2020, the IJ granted deferral of removal under the Convention Against Torture ("DCAT"), and his order of removal became final that day.  *Id.*; Doc. No. 1 at 2. Le does not controvert these facts.

---

[1] In support of their motion for summary judgment, Respondents submit a Sworn Declaration of Deportation Officer David Scarberry, who stated these facts about Le's criminal record and immigration background.  *See* Doc. No. 11-1.  Le does not dispute that he was convicted of these serious crimes which jeopardized his immigration status.

Le claims, and Respondents do not refute, that at some point after he was ordered removed, he was released on an Order of Supervision ("OSUP") under 8 C.F.R. §§ 241.5, 241.13, because evidence in Petitioner's file demonstrated there was no significant likelihood of his removal to Vietnam in the reasonably foreseeable future. Doc. No. 1 at 2. Le argues that his release on an OSUP is an indication of an implicit finding that he was not a flight risk or a danger to the community, and Respondents do not contend otherwise. On November 13, 2025, ICE detained Le when he attended a regularly scheduled check-in, even though he had attended all regular check-ins and complied with all the requirements of his OSUP.

Le alleges that Respondents violated their own regulations in revoking his OSUP because he was never served with any Notice of Revocation of Release nor provided an informal interview to challenge the reasons for the revocation. Doc. No. 1 at 16. He claims his re-detention violated the law because there were no changed circumstances showing that removal was likely in the reasonably foreseeable future. *Id.* at 22.

Le further argues that his detention is indefinite because he cannot be deported to Vietnam based on the deferral under CAT, he has no passport or birth certificate, and Respondents have not identified any third country willing to accept his removal. He claims that each time Respondents have tried to get travel documents for him, they have failed or received no response. Doc. No. 13 at 3-5, 16.

3 / 12

Respondents move for summary judgment, contending that Petitioner's detention is lawful under 8 U.S.C. § 1231 because Le has not been detained this time for more than the presumptively reasonable 180 days under *Zadvydas* and that he does not show that removal is not likely in the reasonably foreseeable future. They also generally assert that they are working on removing him to a third country.

## II.   LEGAL STANDARDS

### A. 28 U.S.C. § 2241

Section 2241(c)(1) of Title 28 of the United States Code "applies to persons held 'in custody under or by color of the authority of the United States.'" *Munaf v. Geren*, 553 U.S. 674, 686 (2006) (citing § 2241(c)(1)). "An individual is held 'in custody' by the United States when the United States official charged with his detention has 'the power to produce' him." *Id.* (quoting *Wales v. Whitney,* 5 S. Ct. 1050, 1054 (1885); *see also* 28 U.S.C. § 2243 ("The writ . . . shall be directed to the person having custody of the person detained")).

Habeas corpus is available to a person challenging the legality of immigration-related detention. *Demore v. Kim*, 538 U.S. 510, 517 (2003); *Gudiel Polanco v. Garland*, 839 F. App'x 804, 805 (4th Cir. 2021) (holding that where the alien challenged his detention rather than any removal order, his challenge "must be brought pursuant to a habeas corpus petition" in district court). Courts retain jurisdiction to review an alien's detention "insofar as that detention presents constitutional issues, such as those raised in a habeas petition." *Oyelude v. Chertoff*, 125 F. App'x 543, 546 (5th Cir. 2005) (unpublished

op.) (citation omitted).  Where, as here, a habeas petition "'raises only issues of law, or questions regarding the legal implications of undisputed facts,'" a court need not hold a hearing to decide the case and grant habeas relief.  *See Gomez Vallecios v. Noem*, No. EP-25-CV-573-KC, 2025 WL 3853219, at *1 (W.D. Tex. Dec. 9, 2025) (quoting *Tijerina v. Thornburgh*, 884 F.2d 861, 866 (5th Cir. 1989) and concluding that the petition could be granted without a hearing because it presented questions of law and facts were resolved in favor of the respondents); *see also Alves da Silva v. U.S. Immigration and Customs Enforcement*, No. 25-CV-284-LM-TSM, 2025 WL 2778083, at *1 (D.N.H. Sept. 29, 2025) (noting that a "petition 'may be resolved on the merits without [an evidentiary] hearing when, as here, the material facts are not in dispute.'" (citation omitted)).

### B.  **Summary Judgment**

To be entitled to summary judgment, the pleadings and summary judgment evidence must show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56.  The moving party bears the burden of initially pointing out to the court the basis of the motion and identifying the portions of the record demonstrating the absence of a genuine issue for trial.  *Duckett v. City of Cedar Park, Tex.*, 950 F.2d 272, 276 (5th Cir. 1992).  Thereafter, "the burden shifts to the nonmoving party to show with 'significant probative evidence' that there exists a genuine issue of material fact." *Hamilton v. Seque Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (quoting *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994)).  "Because this case arises in a summary judgment posture, [the court] view[s] the facts in the light

most favorable to [Petitioner], the nonmoving party." *Canady v. Davis*, 687 F. App'x 362, 365 (5th Cir. 2017) (quoting *City & County of San Francisco v. Sheehan*, 135 S. Ct. 1765, 1769 (2015)).

## III.   DISCUSSION

Le seeks release on the same conditions that he had with his previous OSUP, contending that his re-detention violated his constitutional rights because Respondents violated several immigration regulations promulgated to provide due process.  Among other things, he also contends that his continued detention is punitive rather than to help effect his removal, in violation of due process under *Zadvydas v. Davis*, 533 U.S. 678 (2001), because there is no significant likelihood that he will be removed in the reasonably foreseeable future.  He argues that he has shown good reason to believe that his removal is not likely to occur in the reasonably foreseeable future and that Respondents fail to rebut that showing with evidence sufficient to show that his removal is likely to occur in the reasonably foreseeable future.

The Due Process Clause of the Fifth Amendment to the United States Constitution provides that no person shall be "deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V.  In *Zadvydas*, the Supreme Court held that the INA does not authorize "indefinite, perhaps permanent, detention" of noncitizens subject to final orders of removal. 533 U.S. at 699. The Court explained that "[a] statute permitting indefinite detention of an alien would raise a serious constitutional problem" and that "[f]reedom from imprisonment—from government custody, detention, or other forms of

physical restraint—lies at the heart of the liberty that Clause protects." *Id.* (citing *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992)).

"When an alien has been found to be unlawfully present in the United States and a final order of removal has been entered, the Government ordinarily secures the alien's removal during a subsequent 90-day statutory 'removal period,' during which time the alien normally is held in custody." 533 U.S. at 682. Inadmissible noncitizens or those with certain criminal convictions may be detained beyond the removal period, 8 U.S.C. § 1231(a)(6), but the statute "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States," and "does not permit indefinite detention." *Zadvydas*, 533 U.S. at 689. The Court established a "6-month presumption" of reasonableness following the issuance of a removal order. *Id.* at 701.

After the six-month period of "presumptively reasonable" detention ends, a petitioner seeking release from detention must show there is "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.*; *see also Andrade v. Gonzales*, 459 F.3d 538, 543–44 (5th Cir. 2006) (denying a *Zadvydas* claim where petitioner offers "nothing beyond conclusory statements"). Once a petitioner meets this burden, the burden shifts to the respondents to "respond with evidence sufficient to rebut that showing." *Zadvydas*, 533 U.S. at 701.

Le's order of removal was final on September 21, 2020. Doc. No. 1 at 2. He states that he is not sure how long he spent in detention after his removal order was final and before he was granted release on an OSUP, but he estimates it was about one month. *Id.* Respondents do not dispute this or provide a record of how long he was detained after his removal order was final.

The Court finds that Le has been detained now for more than six months in the aggregate, based on his uncontroverted representation that he was confined for about a month before he was released on an Order of Supervision and has been detained since November 13, 2025, over five months, for his current detention. *See Avdulovic v. Tate, et al.*, No. 4:25-CV-05873, 2025 WL 4640735, at *1 n.1 (S.D. Tex. Dec. 22, 2025) (noting that "[m]any district courts have held that the *Zadvydas* period is cumulative and that periods of re-detention should be aggregated with the initial period of detention following the final removal order") (citing cases). Therefore, Le has been detained for longer than the six-month presumptively reasonable period set forth in *Zadvydas*.

In addition, the Court finds that Le has met his burden to show that there is good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. First, as Le points out, the only country presently designated (or identified by the Respondents) for removal is Vietnam, and he cannot be removed there because he was granted deferral of that removal under the CAT (DCAT). Second, Le's uncontroverted facts show that he has no passport, no birth certificate, and there is no indication that Vietnam will respond to any of these requests for such documents.

Respondents have not identified any country to which they have *even made an inquiry* about accepting Le's removal, let alone received a response from any such country.

Courts have found that a petitioner meets his burden to show good reason where he alleges non-conclusory facts, *Andrade*, 459 F3d at 543-44; where he alleges that he received deferral of removal to his home country and that ICE had not identified a third country willing to accept him; or where he had a deferral and travel documents had not been secured from any third country. *See, e.g., Trejo v. Warden of ERO El Paso East Montana*, 807 F. Supp. 3d 697, 705-06 (W.D. Tex. 2025); *Baltodano v. Bondi*, --- F. Supp.3d ----, 2025 WL 3484769, at *4 (W.D. Wash. Dec. 4, 2025).

The Court finds that Le's allegations are not conclusory and instead specifically show that he has been granted a DCAT and cannot be removed to his home country; Respondents have not identified a third country willing to accept him; and he has no passport or birth certificate. Doc. No. 1 at 4, Doc. No. 13 at 16. Le has met his burden under *Zadvydas* to show that there is good reason to believe that removal is not reasonably likely in the foreseeable future.

Because Petitioner has shown good reason, the burden then shifts to Respondents to "respond with evidence sufficient to rebut [a petitioner's] showing." *Zadvydas*, 533 U.S. at 701. "[G]eneralized statements about removal efforts and averments of likelihood of removal alone are insufficient to satisfy respondents' evidentiary burden." *Chang v. Perez, et al.*, No. 5:25-cv-294, slip op. at 9 (S.D. Tex. Feb. 11, 2026) (citing *Zamanpour v. Perez*, No. 5:25-cv-224, slip op. at 16 (S.D. Tex. Dec. 24, 2025)); *see also Baltodano*, 2025 WL

3484769, at *5. Likewise, this burden is not satisfied by a pending request for travel documents alone. *Trejo*, 807 F. Supp.3d at 706.

Respondents do not meet their burden to show that removal is likely anytime soon, let alone in the reasonably foreseeable future. They do not contest that Le has no passport or birth certificate and do not show that there have been any specific efforts to procure such documents. They do not dispute that they cannot remove him to Vietnam, and they do not name any third countries to which they have made any inquiries. Their attestations about removing him soon are conclusory. Respondents do not allege that any third country has agreed to accept Petitioner's removal and fail to rebut Petitioner's showing of good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.

On this record, the Court finds that Petitioner's continued detention violates due process because there is no significant likelihood of removal in the reasonably foreseeable future. Accordingly, Le is entitled to relief on the indefinite detention claims in his petition for a writ of habeas corpus. Because the Court finds that there is no significant likelihood of removal in the reasonably foreseeable future, Le must be released. *Zadvydas*, 533 U.S. 701 (holding that a noncitizen "may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future"). The Court orders his release subject to the conditions set forth below. While the Court is ruling in Petitioner's favor, this ruling does preclude the Government from asking this Court to reconsider its ruling if the circumstances precluding removal change.

## IV.    CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1. Respondents' Motion for Summary Judgment (Doc. No. 11) is **DENIED**.

2. Petitioner's Petition for a Writ of Habeas Corpus, (Doc. No. 1), is **GRANTED**.

3. All other pending motions, if any, are **DENIED as MOOT**.

4. Respondents must release Petitioner by **5:00 p.m. in a public place agreed on by the parties within two days of the date this Order is entered**, under the same conditions that were in effect in his previous Order of Supervision. Respondents must notify his counsel of the exact time and location of release **at least four hours** before his release.

5. Petitioner shall not be re-detained without a showing that there has been a material change in circumstances, for example, a showing that Petitioner's documents are ready, that a third country has agreed to accept Petitioner, and that Petitioner has been provided notice of that third country and an opportunity to object to the third country removal.

6. The 5-day notice provision from the Court's January 9 Order, (Doc. No. 4), REMAINS IN EFFECT. **No later than two days after Petitioner's release**, by 5:00 p.m., the parties shall provide the Court with a status update concerning

11 / 12

Petitioner's release. The parties should also notify the Court of the conditions, if any, of his release.

7. Within 5 days of the Petitioner's release, the parties shall file a joint status update and indicate whether this case may be closed.

SIGNED this ___21⁵ᵗ___ day of April 2026.

_____

ANDREW S. HANEN

UNITED STATES DISTRICT JUDGE